UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY TAYLOR,

    Petitioner,

v.                                                    Case No: 8:12-cv-1347-36MAP

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1). The Court has considered the petition and Respondent's response (Dkt. #7). Upon review, the Court determines that the petition is without merit and should be denied.

## BACKGROUND

On April 30, 2008, a jury found Petitioner Anthony Taylor ("Taylor") guilty of two counts each of sale of cocaine and possession of cocaine. On the same day, the trial court sentenced Taylor to an overall term of thirty years in prison. Taylor appealed his convictions and sentences, raising a single issue: whether the trial court erred in allowing a detective who did not witness the drug transaction to testify as to Taylor's "street name."

The Florida Second District Court of Appeal rejected this argument and per curiam affirmed Taylor's convictions and sentences. *Taylor v. State*, 7 So. 3d 1109 (Fla. 2d DCA 2009). On May 20, 2009, the mandate issued.

On October 19, 2009, Taylor filed a Florida Rule of Criminal Procedure 3.850 motion for postconviction relief, raising the following grounds of ineffective assistance of counsel because of counsel's failure to:

(1) object to the testimony of State witness Detective Walguarney, who testified that he knew Taylor's "street name";

(2) file a motion to sever the charges;

(3) object to the State's request for judicial notice; and

(4) depose or call the confidential informant as a witness at the trial.

On February 23, 2011, the trial court entered its final order denying Taylor's motion for postconviction relief. Taylor appealed, and the Florida Second District Court of Appeal per curiam affirmed the trial court's denial of his motion for postconviction relief. *Taylor v. State*, 93 So. 3d 1033 (Fla. 2d DCA 2011). On January 25, 2012, the mandate issued.

Having exhausted his state remedies, Taylor timely filed his 28 U.S.C. § 2254 petition for habeas relief (Dkt. #1), raising the following grounds:

(1) Taylor received an unfair trial because the court permitted a detective who did not witness the actual drug transaction to testify that he knew appellant and his "street name" from his experience as an officer, which created a suggestion that the detective's knowledge arose from Taylor's prior criminal activity;

(2) Taylor was denied effective assistance of counsel because trial counsel failed to file a motion to sever the sale of cocaine charges that occurred on different dates and were not a part of the same ongoing criminal investigation;

(3) Taylor was denied effective assistance of counsel because trial counsel failed to file an objection to the State's request for judicial notice; and

(4) Taylor was denied effective assistance of counsel because trial counsel failed to depose and call the confidential informant as a defense witness at trial.

## GOVERNING PRINCIPLES

### I. Federal Question

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may entertain a petition for writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has cautioned that § 2254 does not make federal courts "forums in which to relitigate state trials." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983) (superseded by statute on other grounds).

### II. AEDPA Bar to Relitigation

Where, as here, a state court has already adjudicated the issues raised in the petition on the merits, § 2254(d) bars relitigation, subject only to the exceptions in § 2254(d)(1) and (d)(2). *Harrington v. Richter*, 131 S. Ct. 770, 783-84 (2011). A federal court may only grant relief if (1) the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States," or (2) the state decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d). *See Richter*, 131 S. Ct. at 783. "This is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster,* 131 S. Ct. 1388, 1398 (2011) (internal quotation marks and citations omitted). Moreover, a state court's factual findings are presumed correct and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. Ineffective Assistance of Counsel under the AEDPA

In several of his grounds for relief, Taylor makes claims of ineffective assistance of counsel. The law governing this issue is well established. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court announced a two-part test for analyzing whether a defendant was denied effective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. To prevail on this test, the "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. On the question of prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in

the outcome." *Id.* at 694. "Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" *Van Poyck v. Fla. Dep't of Corr.*, 290 F.3d 1318, 1322 (11th Cir. 2002) (quoting *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc)).

Under the AEDPA, the inquiry is not whether counsel's performance fell below the *Strickland* standard. *Richter*, 131 S. Ct. at 787. Rather, "[t]he pivotal question is whether the state court's application of *Strickland* was unreasonable." *Id.* Indeed, "it is a necessary premise that the two questions are different . . . and [a] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*

## DISCUSSION

### I. Ground One

In his first ground for relief, Taylor alleges he received an unfair trial because the court permitted Detective Walguarney, who did not witness the actual drug transaction, to testify that he knew Taylor and his "street name" through his experiences as an officer. This testimony, Taylor maintains, created a suggestion that the detective's knowledge arose from Taylor's prior criminal activity. Taylor also contends that the court improperly allowed Detective Platt, the arresting officer, to testify that he learned Taylor's true name from Detective Walguarney.

"[G]enerally, federal courts are not empowered to correct erroneous evidence rulings of state trial courts." *Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998) (internal quotation marks omitted). However, relief may be warranted when a state trial

court's evidentiary rulings deny a habeas petitioner constitutional protections. *Id.* Relief should *only* be granted if the error rises to the level of a denial of fundamental fairness, implicating the petitioner's federal due process rights. *Id.*

Aside from making the bare assertion that he received an "unfair trial," Taylor does not elaborate on how his constitutional rights were violated by the introduction of the detectives' testimony. "A denial of fundamental fairness occurs whenever the improper evidence 'is material in the sense of a crucial, critical, highly significant factor.'" *Id.* (quoting *Osborne v. Wainwright*, 720 F.2d 1237, 1238 (11th Cir. 1983)). Accepting as true Taylor's allegation that the detectives' testimony prejudiced him because it created an inference that Taylor had a history of criminal activity, this issue is not at all crucial, critical, or highly significant to the merits of the case brought against him. Specifically, the prejudice alleged does not directly speak to whether Taylor committed the offenses charged or any other dispositive issue. *C.f. id.* (finding expert witness testimony as to the credibility of the witnesses' testimony fundamentally violated the habeas petitioner's constitutional rights because it invaded the province of the jury, particularly because the "jury's opinion on the truthfulness of the [witnesses'] stories went to the heart of the case"). Accordingly, irrespective of the propriety of the challenged testimony, Taylor's due process rights were not violated and the Court has no basis on which it may grant him habeas corpus relief. Ground One will be denied.

**II. Ground Two**

Next, Taylor asserts that trial counsel was ineffective for failing to file a motion to sever the sale of cocaine charges that occurred on different dates and were not a part of the

same ongoing criminal investigation. Taylor states that at trial, Detective Platt testified that on May 16, 2006, a confidential informant provided Detective Platt with a tip, gave him a phone number, and helped him set up a deal with Taylor for the purchase of $100 worth of cocaine. On May 23, 2006, using the same phone number, the informant arranged another deal for Detective Platt for the purchase of $100 worth of cocaine from Taylor. Both of these deals were effectuated to a successful end.

Taylor contends that before trial, counsel should have filed a motion to sever each of the sale of cocaine counts. Ostensibly referring to the State's response to his Rule 3.850 motion, Taylor asserts that the State incorrectly pointed out that at the end of the May 16, 2006 transaction, Taylor told Detective Platt to "call him to set up future transactions." In fact, Taylor maintains, the tape recording of the conversation that took place between himself and Detective Platt belies this assertion. Counsel could have used this tape recording to support his position that the two events were not intertwined, Taylor argues. He maintains that it was highly prejudicial for the two counts to be tried together. Additionally, Taylor seems to express a belief that had the trials been severed, evidence of one transaction would not have been introduced at the trial for the other as a "prior bad act" because the prejudice would outweigh the probative value.

In denying Taylor relief on this claim, the state postconviction court adopted the State's response in which the State asserted that Taylor was not entitled to a severance under Florida law. This was because both transactions involved the officer calling Taylor's phone, the same purchase price, and hand-to-hand transactions. Because any motion to sever the charges would have been meritless, counsel could not be deemed ineffective.

Additionally, the postconviction court determined that any error on counsel's part was harmless because "the facts of the first transaction were inextricably intertwined with the second transaction and would have been introduced regardless of a severance."

"Although an ineffective assistance of counsel claim is a federal constitutional claim, which this Court considers in light of the clearly established rules of *Strickland,* when the validity of the claim that counsel failed to assert is clearly a question of state law, this Court must defer to the state's construction of its own law." *Velazquez v. Sec'y, Dep't of Corr.*, No. 8:10-cv-2253-T-33EAJ, 2011 WL 3794693, at *7 (M.D. Fla. Aug. 26, 2011). "Put another way, '[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" *Id.* (quoting *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992)).

Under Florida law, Taylor was not entitled to severance. "In determining whether severance is warranted, a court must consider several factors, including the temporal and geographic association of the crimes, the nature of the crimes, and the manner in which the crimes were committed." *See Bell v. Florida*, 33 So. 3d 724, 725-26 (Fla. 1st DCA 2010). Here, the manner in which the two crimes were committed is identical: in both instances, Detective Platt and the confidential informant called Taylor on his phone number to arrange the meeting shortly before the transaction occurred. The nature of the crimes is also identical: they both consisted of the sale of $100 worth of cocaine. A severance would not have been granted even if requested. Thus, the state postconviction court correctly determined that counsel was not deficient for failing to move for a severance. *See Lahens*

*v. United States*, 394 F. App'x 646, 648 (11th Cir. 2010) ("The failure to raise nonmeritorious issues does not constitute ineffective assistance.").

Though the state postconviction court was not required to address the prejudice prong because "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one," *Strickland*, 466 U.S. at 697, the state postconviction court's conclusion that Taylor failed to establish prejudice was similarly reasonable. In particular, the court made a factual finding that, even if a severance had been granted, the two offenses were inextricably intertwined, which, under Florida law, meant that the facts of one offense would have been admissible at the trial for the other offense. *See McGee v. Florida*, 19 So. 3d 1074, 1078 (Fla. 4th DCA 2009) (emphasizing that evidence that is inextricably intertwined with the crime charged is admissible); *Fotopolous v. Florida*, 608 So. 2d 784, 790 (Fla. 1992) ("Even if there had been separate trials, evidence of each offense would have been admissible at the trial of the other to show common scheme and motive, as well as the entire context out of which the criminal action occurred."). The state postconviction court's conclusion that Taylor was not prejudiced by counsel's alleged deficiency was also a reasonable application of *Strickland*.

For these reasons, there exists no basis for habeas corpus relief. Ground Two will be denied.

### Ground Three

In Ground Three, Taylor argues that counsel was ineffective for failing to file an objection to the State's request for judicial notice. In particular, he alleges that before trial,

the State filed a request for judicial notice, asking the trial court to take judicial notice of Taylor's driver's license photo. According to Taylor, the State relied on §§ 316.1939 and 222.201 of the Florida Statutes, and neither of these sections pertains to judicial notice or to photos taken by the Florida Department of Highway Safety and Motor Vehicles, such as Taylor's driver's license photo. At trial, Taylor states that his driver's license photo was used to show the jury how Taylor was identified. Taylor theorizes that somehow, the State's request for judicial notice was actually a guise to be able to produce Detective Walgaurney, who did not actually witness the drug transaction, as a witness.[1] Thus, he says, counsel's failure to object to the request prejudiced Taylor.

The state postconviction court denied this claim on the basis that an objection launched by counsel would have been meritless, and therefore, he was not deficient. First, the court determined that judicial notice was proper under the statutes cited by Taylor. Because this is an evidentiary issue, the Court will again defer to state law. *See Valezquez*, 2011 WL 3794693, at *7. Indeed, § 322.201 clearly refers to all information obtained from a terminal connected to the Department of Highway Safety and Motor Vehicles Data Center, which includes Taylor's driver's license record. Fla. Stat. § 322.201. And § 90.202 of the Florida Statutes permits the court to judicially notice "[f]acts that are not subject to dispute because they are capable of accurate and ready determination by resort to sources

---

[1] It appears to the Court that Taylor is confused between judicially noticed evidence and evidence introduced at trial, particularly that once a court has taken judicial notice of evidence, there is no need to introduce it at trial. *See Huff v. Florida*, 495 So. 2d 145, 151 (Fla. 1986) ("The concept of judicial notice is essentially premised on notions of convenience to the court and to the parties; some facts need not be proved because knowledge of the facts judicially noticed is so notorious that everyone is assumed to possess it."). The Court will address Taylor's concerns under each of these procedures.

whose accuracy cannot be questioned," such as an individual's driving record. *See Kirschner v. Florida*, 915 So. 2d 624, 625 (Fla. 2d DCA 2005) (implying that it would be appropriate for the court to judicially notice a defendant's driving record). Because judicial notice of Taylor's driver's license record would have been appropriate, counsel had no reason to object.

But regardless of whether judicial notice was proper, counsel could not possibly be deemed ineffective for failing to object to the State's motion. The state postconviction court noted that Taylor never established that the trial court *actually* took judicial notice of the photo. Taylor's driver's license photo was admitted as evidence through a witness. If the document was never judicially noticed, then it can be concluded that counsel had no reason to object and that Taylor was not prejudiced. *See Lahens*, 394 F. App'x at 648. Thus, the state postconviction court's conclusion that Taylor was not entitled to relief on the basis of this allegation was a reasonable application of *Strickland*. Additionally, to the extent Taylor contends the admission of the driver's license picture at trial was improper, this is a state court evidentiary ruling that this Court is not empowered to disturb. *See Snowden*, 135 F.3d at 737. Ground Three must be denied.

### Ground Four

Finally, in Ground Four, Taylor argues that counsel was ineffective for failing to depose and call the confidential informant as a defense witness at trial. Because the only two witnesses to the alleged crimes were state witness Detective Platt and the confidential informant, Taylor contends that counsel was ineffective for failing to utilize the confidential informant in aid of a misidentification defense. Had counsel deposed the

informant, Taylor asserts counsel would have discovered that Taylor was not the person who sold the drugs to Detective Platt. But without this testimony, it was impossible for Taylor to prove his innocence. Taylor also states that counsel could have moved the court for an in-camera inspection to explore the nature of the witness's testimony to allay the State's concerns about revealing the identity of the confidential informant.

The state court's determination that counsel was not ineffective for failing to call the confidential informant did not involve an unreasonable application of *Strickland*. The court concluded that Taylor's allegation was insufficient because he did not even know the identity of the proposed witness, nor did he allege that the witness was available to testify. *See Nelson v. Florida*, 875 So. 2d 579, 583-84 (Fla. 2004) (detailing the pleading requirements for a claim that counsel was ineffective for failing to call a witness); *see also Monfiston v. Sec'y, Dep't of Corr.*, 559 F. App'x 863, 866-68 (11th Cir. 2014) (finding that the state court's conclusion that the petitioner could not show prejudice because he did not establish that the witness was available to testify was a reasonable application of *Strickland* to the facts of the case); *Gideon v. Dep't of Corr.*, 295 F. App'x. 998, 990 (11th Cir. 2008) (same).

The postconviction court also adopted the State's position that "there was no question as to [Taylor's] identity, which was established from photographs and in court. There were also phone calls setting up the transactions, which were made through [Taylor's] phone, and the second transaction occurred at [Taylor's] house." (internal references omitted). Because "[t]here was ample evidence connecting [Taylor] to the transactions[,] . . . he cannot show how he was prejudiced by defense counsels [sic] failure

to have the confidential informant testify," the state postconviction court denied relief. This conclusion was also a reasonable application of *Strickland*. *See Reed v. Sec'y, Dep't of Corr.*, 767 F.3d 1252, 1263 (11th Cir. 2014) (detailing the exculpatory testimony that would have negated the testimony of the proposed witness to illustrate why habeas petitioner suffered no prejudice) (citing *Fortenberry v. Haley*, 297 F.3d 1213, 1228 (11th Cir. 2002) (per curiam) (reiterating that "the absence of exculpatory witness testimony from a defense is more likely prejudicial when a conviction is based on little record evidence of guilt")).

The state court's overall conclusion was directly in line with the decree of *Strickland* because Taylor did not come forth with any evidence to corroborate his claim. "[S]elf-serving speculation about potential witness testimony is generally insufficient to support a claim of ineffective assistance of counsel. A petitioner must present evidence of the witness testimony in the form of actual testimony or an affidavit." *Dottin v. Sec'y Dep't of Corr.*, No. 8:07-CV-884-T-27MAP, 2010 WL 3766339, at *6 (M.D. Fla. Sept. 16, 2010). Notably, Taylor's habeas corpus petition is devoid of any such evidence.

Further, "complaints of uncalled witnesses are not favored[] because the presentation of testimonial evidence is a matter of trial strategy and allegations of what a witness would have testified to are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978) (internal citations omitted)[2]; *see also Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) ("Which witnesses, if any, to call, and when to call them

---

[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess."). "'Failing to call a particular witness constitutes ineffective assistance of counsel only when the absence of the witness's testimony amounts to the abandonment of a viable, outcome-changing defense.'" *Dottin*, 2010 WL 3766339, at *5 (quoting *Jordan v. McDonough*, No. 6:06-cv-1446-Orl-19KRS, 2008 WL 89848, at *5 (M.D. Fla. Jan. 7, 2008)).

Because the state postconviction court properly applied *Strickland* in denying this claim, there is no basis for habeas corpus relief. Ground Four must be denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## **CONCLUSION**

For the reasons set forth above, all of Petitioner's claims are without merit and will be denied.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
IN FORMA PAUERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district

court must first issue a certificate of appealability. *Id.* "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

DONE AND ORDERED this 7th day of April, 2015, at Tampa, Florida.

*/s/ Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel/Parties of Record